IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CAROL B.,

                Plaintiff,

    v.

COMMISSIONER, Social Security
Administration,

                Defendant.

Case No. 6:15-cv-00028-MA

ORDER ON ATTORNEY FEES

MARSH, Judge

Plaintiff brought this action seeking review of the Commissioner's decision to deny her applications for disability insurance benefits and supplemental security income. On October 19, 2015, this Court granted the parties' Stipulated Motion for Remand reversing the administrative law judge's decision and remanding for further proceedings. Order for Remand (ECF No. 20), J. (ECF No. 21). On January 27, 2015, this Court awarded Plaintiff's attorney, John Haapala, Jr., attorney fees under the Equal Access to Justice Act (EAJA) in the amount of $5,728.45. Order (ECF No. 25).

On remand, Plaintiff was awarded past-due benefits in the amount of $67,266.50. Pl.'s Unopposed Motion for Attorney Fees (ECF No. 30), Ex. A. Plaintiff's attorney now seeks an award of fees pursuant to 42 U.S.C. § 406(b) in the amount of $16,816.63, reduced by $5,728.45

1 - ORDER ON ATTORNEY FEES

EAJA fees, for a net requested amount of $11,088.18. Defendant has no objection to the request. For the following reasons, this Court GRANTS Plaintiff's Motion for Attorney Fees.

## STANDARD

After entering judgment in favor of a Social Security claimant who was represented by counsel, a court "may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of twenty-five percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A). An award of fees under § 406(b) is paid from the claimant's past-due benefits, and an attorney receiving such an award may not seek any other compensation from the claimant. *Gisbrecht v. Barnhart*, 535 U.S. 789, 796-807 (2002). Accordingly, when a court approves both an EAJA fee and a § 406(b) fee payment, the claimant's attorney must refund to the claimant the amount of the smaller of the two payments. *Id.*

Under *Gisbrecht*, a court must first examine the contingency fee agreement to determine whether it is within the statutory twenty-five percent cap. *Id.* at 800. The court also must review for reasonableness fees yielded by the contingency fee agreement. *Crawford v. Astrue*, 586 F.3d 1142, 1152 (9th Cir. 2009) (*en banc*). In so doing, the court must consider (1) the character of the representation, (2) the results achieved, (3) any delay attributable to the attorney requesting the fee, (4) whether the benefits of the representation were out of proportion with the time spent on the case, and (5) the risk assumed by counsel in accepting the case. *Id.* at 1151-52.

///

///

///

2 - ORDER ON ATTORNEY FEES

## DISCUSSION

Here, the terms of the contingent fee agreement between Plaintiff and Attorney Haapala are within the statutory limits of § 406(b). The attorney fees sought by Haapala do not exceed twenty-five percent of the past due benefits awarded to Plaintiff.

Further, this Court has reviewed the record in the case, the motion, and the supporting materials including the award of benefits, the fee agreement, and counsel's time sheet, and concludes that the requested fees are reasonable. There is no indication that Attorney Haapala was either ineffective or dilatory, and he achieved a favorable result for Plaintiff. The amount of fees requested is not out of proportion to the work performed by Haapala, and the benefits are not so large in comparison to the amount of time counsel spent that a reduction of the fees requested is justified.

## CONCLUSION

Based on the foregoing, this Court GRANTS Plaintiff's Motion for Attorney Fees (ECF No. 30) and awards fees in the amount of $16,816.63, reduced by $5,728.45 in EAJA fees, for a net of $11,088.18. IT IS ORDERED that the Commissioner shall pay Plaintiff's attorney, John E. Haapala, Jr., fees in the amount of $11,088.18, less an administrative assessment.

IT IS SO ORDERED.

DATED this _2 7_ day of December, 2018.

*Malcolm F. Marsh*
Malcolm F. Marsh
United States District Judge